

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-1994

# Simmerman, et al v. Corino, et al

Precedential or Non-Precedential:

Docket 93-5080

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation
"Simmerman, et al v. Corino, et al" (1994). *1994 Decisions*. Paper 55.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/55

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

No. 93-5080


NANCY SIMMERMAN, each individually, dba CHILD
CARE CENTER, dba SERENDIPITY PRE-SCHOOL, dba
WEE CARE CENTER; HERBERT SIMMERMAN, each
individually, dba CHILD CARE CENTER, dba
SERENDIPITY PRE-SCHOOL, dba WEE CARE CENTER;
PAUL SIMMERMAN, each individually, dba CHILD CARE
CENTER, dba SERENDIPITY PRE-SCHOOL, dba WEE CARE CENTER


v.


JOHN CORINO, Cape May County Prosecutor; ROBERT G.
WELLS, First Assistant Prosecutor of Cape May County;
ANTONIA COWAN, Assistant Prosecutor of Cape May County;
MARIE HAYES, Investigator for Cape May County Prosecutor;
OFFICE OF THE PROSECUTOR OF CAPE MAY COUNTY; BETTY VEACH,
each individually and as parents and natural guardians for
CHRISTOPHER SAMUEL VEACH, a minor; SAMUEL VEACH, each
individually and as parents and natural guardians for
CHRISTOPHER SAMUEL VEACH, a minor; CHRISTOPHER SAMUEL VEACH,
a minor; VERONICA LEIDER, each individually and as parents
and natural guardians of RONALD J. "RONNIE" LEIDER, a minor;
RONALD LEIDER, each individually and as parents and natural
guardians of RONALD J. "RONNIE" LEIDER, a minor; RONALD
J. "RONNIE" LEIDER, a minor; DICK CRANE, Bureau of
Licensing of the Division of Youth and Family Services;
SUSAN MANION, Institutional Abuse Unit Administrator;
DYFS BUREAU LICENSING; DYFS INSTITUTIONAL ABUSE
INVESTIGATION UNIT; DIVISION OF YOUTH AND FAMILY SERVICES,
(DYFS); DEPARTMENT OF HUMAN SERVICES; THOMAS FLANAGAN,
Investigator for State Department of Criminal Justice;
EUGENE PETRELLA, STATE TROOPER; DAVID KENNA, DETECTIVE;
JUSTIN J. DINTINO, COLONEL, New Jersey State Police,
NEW JERSEY STATE POLICE; ANNE BURGESS, DR.; PAMELA KANE;
MARTIN FINKEL, DR.; RICHARD ROES, NOS. 1 through 25;
STATE OF NEW JERSEY


Mark S. Guralnick, Esq., and
Law Offices of Mark S. Guralnick,


Appellants

1

Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Docket No. 92-00194


Submitted Under Third Circuit LAR 34.1(a)
December 17, 1993

Before:  GREENBERG and ROTH, Circuit Judges
and FULLAM, District Judge[0]


(Opinion filed:  June 21, 1994)

James S. Webb, Jr., Esquire
5102 New Jersey Avenue
P.O. Box 530
Wildwood, NJ 08260
     Attorney for Cape May County Appellees

Robert J. Del Tufo
Attorney General of New Jersey
Mary C. Jacobson
Assistant Attorney General
Joseph L. Yannotti
Assistant Attorney General
John M. Fahy
Don E. Catinello
Deputy Attorneys General
Office of Attorney General of New Jersey
Department of Law & Public Safety
Richard J. Hughes Justice Complex
Trenton, NJ 08625
     Attorneys for the State of New Jersey Appellees

Daniel H. Greenberg, Esquire
501 Madison Avenue, Room 406
New York, NY 10022
     Attorney for Appellee Burgess

Mark S. Guralnick, Esquire
Garber & Guralnick
1288 State Highway 73, Suite 120
Mount Laurel, NJ 08054
     Attorney for Appellants

---

[0]Honorable John P. Fullam, United States District Court Judge for
  the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

ROTH, <u>Circuit</u> <u>Judge</u>:


The plaintiffs' attorney, Mark S. Guralnick, appeals the district court's imposition of sanctions in the amount of $7,000 pursuant to Fed. R. Civ. P. 11.[0]  Several months after the district court disposed of the underlying action through a grant of summary judgment on some claims and the dismissal of others, it imposed sanctions on its own initiative.  The court based its order upon a finding that the fatal deficiencies of the plaintiffs' claims "should have [been] revealed to Mr. Guralnick" in the course of a "reasonable investigation" of the law and the facts of the case.  <u>Simmerman v. Corino</u>, No. 92-194, slip op. at 8 (D.N.J. Jan. 25, 1993)(order and opinion denying motion for attorney's fees under 42 U.S.C. § 1988 and imposing sanctions pursuant to Fed. R. Civ. P. 11); Appellant's Appendix ("App.") at 129, 136.

Although Mr. Guralnick appeals on a number of grounds, we do not find it necessary either to address the culpability of his conduct, or to determine whether the district court abused its discretion in determining that sanctions were warranted. Rather, we find that the order imposing sanctions must be vacated because the court's actions were inconsistent with the

---

[0]We note that Fed. R. Civ. P. 11 was amended on December 1, 1993, during the pendency of this appeal.  Our decision is based upon the rule as it existed prior to that amendment.

supervisory rule adopted by this court in <u>Mary Ann Pensiero, Inc.</u> <u>v. Lingle</u>, 847 F.2d 90 (3d Cir. 1988). In that case, motivated by a concern that Rule 11 motions be filed and decided in a timely manner, we adopted a requirement that "all motions requesting Rule 11 sanctions be filed in the district court before the entry of a final judgment." <u>Id.</u> at 100. Though <u>Pensiero</u> dealt with the timing of a motion filed by a party, we find that the rule is equally applicable where the trial court properly invokes its authority to initiate the imposition of sanctions. When the trial court believes that sanctions are warranted, then, it should decide the issue prior to or concurrent with its disposition of the case on the merits. Although sanctions may have been warranted in this case, their imposition more than three months after the entry of final judgment was untimely.

Furthermore, we note that, even had the award of sanctions been timely, the district court's failure to comport with the requirements of procedural due process -- that is, notification that sanctions were under consideration and the provision of some opportunity to respond prior to their imposition -- would similarly require a reversal and remand in this case.

I.

A.

The underlying action was a civil case brought by the plaintiffs after they were acquitted of criminal charges involving the alleged sexual abuse of children. Plaintiffs

4

Nancy, Herbert and Paul Simmerman previously operated the Wee Care Day Care Center in Cape May, New Jersey.  In late 1989, after reports by several children, the plaintiffs were investigated and eventually indicted on child abuse charges. They were acquitted after a full trial; in turn, they filed this civil suit against many of the private individuals, officials, and public entities involved in the prosecution of their case. Mr. Guralnick served as their attorney in this civil matter.

The complaint filed by Mr. Guralnick asserted claims under 42 U.S.C. § 1983 and the Federal Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 (RICO), as well as various pendent state law claims.  As relevant to the matter before us, the complaint named as defendants the State of New Jersey, the New Jersey Department of Human Services, the New Jersey Division of Youth and Family Services Bureau of Licensing and Institutional Abuse Investigation Unit, the New Jersey Division of State Police, the directors and administrators of several of these agencies, a medical doctor, a police investigator, a state trooper, and a state police detective. These will be referred to collectively as the State defendants. In addition, the plaintiffs sued the Cape May County Prosecutor's Office and several of its employees, two psychiatric experts, and the parents of two of the children who testified during the criminal trial.

In essence, the complaint sought damages for alleged wrongful treatment of the plaintiffs during their criminal prosecution.  The full complaint is reprinted in the Appellant's

Appendix at 1-77. A sampling of its seventeen counts reads as follows: the complaint charged the existence of a "scheme" to "set-up" and "frame" the plaintiffs (App. at 27-28); it claimed that because of the "concerted unlawful and malicious detention, . . . indictment, . . . public prosecutions of the Plaintiffs, [and] sham proceedings," plaintiffs were deprived of their liberty without due process of law and deprived of the equal protection of the laws (App. at 18); it alleged that the expert witnesses committed fraud in their testimony (Appellant's App. at 65-66); it sought relief for "gross and willful oppression and . . . willful abuse of process" by the parents who reported the alleged abuse and caused criminal complaints to be filed against the plaintiffs (App. at 49-50, 62); and it charged the defendants with the intentional infliction of emotional distress (App. at 63).

The State defendants responded by filing a motion for dismissal and/or summary judgment, and each of the remaining defendants followed with similar motions. After hearing argument on the motions, the court on October 23, 1992 granted summary judgment to all defendants on the § 1983 claims, dismissed the RICO claim, and declined to exercise supplemental jurisdiction over the remaining state law claims. Simmerman v. Corino, 804 F. Supp. 644 (D.N.J. 1992). On appeal, the district court's order was affirmed without opinion by this court. Simmerman v. Corino, 16 F.3d 405 (3d Cir. 1993).

B.

The present appeal arises from the district court's actions in <u>sua sponte</u> imposing sanctions on Mr. Guralnick on January 25, 1993, more than three months after the court had disposed of the underlying case. Although another, individual defendant had previously sought and been awarded sanctions against Mr. Guralnick,[0] the January 25 sanctions were imposed on the court's own initiative and awarded to the State defendants.

At the time that the court decided to sanction Mr. Guralnick, it had before it an application by the State defendants for an award of attorney's fees pursuant to 42 U.S.C. § 1988.[0] That application had been filed on December 9, 1992, six weeks after the case had been dismissed, and it requested fees and costs of more than $22,000.

---

[0]Defendant Dr. Anne Burgess filed a motion for fees and Rule 11 sanctions on August 14, 1992, two months prior to the court's dispositive ruling. On November 13, 1992, the district court granted the motion for sanctions, finding that the complaint was devoid of support in both law and fact. <u>Simmerman v. Corino</u>, No. 92-194, slip op. at 8 (D.N.J. Nov. 13, 1992)(order and opinion granting motion for Rule 11 sanctions); App. at 126. The court ordered that Mr. Guralnick be liable for Dr. Burgess' costs and attorney's fees, and it requested that Dr. Burgess' counsel submit an affidavit on the amounts incurred in defending the case. Before that was done, and before the court could set a fixed amount under the sanctions order, Mr. Guralnick brought an appeal before this court. That appeal, No. 92-5704, was dismissed for want of jurisdiction because the district court's order was not yet final.

[0]In relevant part, 42 U.S.C. § 1988(b) provides:

> In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.

7

The court found that the defendants were eligible for an award under § 1988; however, emphasizing the discretionary language of the statute, it declined the award and chose to impose Rule 11 sanctions instead. Citing our decision in <u>Brown v. Borough of Chambersberg</u>, 903 F.2d 274, 276-77 (3d Cir. 1990), the court explained its concern that an award under § 1988 could only be authorized against the plaintiffs themselves, rather than against plaintiffs' attorney. The court found it significant that the plaintiffs should not necessarily have known that their action was deficient, but rather that "it was the responsibility of plaintiffs' attorney to determine whether any of those alleged wrongs were actionable under § 1983" and to so advise his clients. <u>Simmerman v. Corino</u>, No. 92-194, slip op. at 5 (D.N.J. Jan. 25, 1993)(order and opinion denying motion for attorney's fees under 42 U.S.C. § 1988 and imposing sanctions pursuant to Fed. R. Civ. P. 11); App. at 133. Finding Mr. Guralnick, rather than his clients, to be at fault in the filing of this action,[0] the court reasoned that it was inappropriate to hold plaintiffs responsible for the reimbursement to which the State defendants were entitled. As such, the court denied fees under § 1988 and turned to Rule 11 as an "alternative theor[y] of liability for attorney's fees and costs. <u>Simmerman v. Corino</u>, No. 92-194, slip op. at 7 (D.N.J. Jan. 25, 1993)(order and opinion denying motion for attorney's fees under 42 U.S.C. § 1988

---

[0]For example, the court explained that the § 1983 claims were disposed of on the grounds of Eleventh Amendment and absolute and qualified immunity doctrines -- legal theories that would not be known to an ordinary non-attorney plaintiff.

and imposing sanctions pursuant to Fed. R. Civ. P. 11); App. at 135.

Without notice to Mr. Guralnick that sanctions were under consideration, and without providing him the opportunity to explain his actions in preparing and filing the case, the court then imposed sanctions. Finding the § 1983 claims to be unsupported by factual allegations and concluding that "a reasonable investigation into the law of § 1983 would have revealed to Mr. Guralnick that plaintiffs' claims were untenable," the court found that counsel's pleadings violated the requirements of Rule 11. The court settled upon $7,000 as an appropriate sanction and ordered that amount paid to the State defendants.

II.

Because Mr. Guralnick appeals from a final order of the district court, this court has jurisdiction pursuant to 28 U.S.C. § 1291. On review, we apply an abuse of discretion standard to all aspects of the district court's Rule 11 determination. Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2461 (1990); CTC Imports & Exports v. Nigerian Petroleum Corp., 951 F.2d 573, 577 (3d Cir. 1991), cert. denied sub nom., Aham-Neze v. Sohio Supply Co., 112 S.Ct. 1950 (1992); Mellon Bank Corp. v. First Union Real Estate, 951 F.2d 1399, 1413 (3d Cir. 1991). That is, we evaluate the court's factual determinations, legal conclusions, and choice of an "appropriate sanction" with substantial deference, considering not whether we would make the same precise determinations, but only whether those determinations are

contrary to reason or without a reasonable basis in law and fact.

For example, a district court would abuse its discretion if it

"based its ruling on an erroneous view of the law or on a clearly

erroneous assessment of the evidence."  <u>Cooter & Gell</u>, 110 S.Ct.

at 2461.

## III.

## A.

Rule 11 imposes three specific duties upon attorneys

practicing before the federal courts.  It provides in part:

> Every pleading, motion, and other paper of a
> party represented by an attorney shall be
> signed by at least one attorney of record . .
> . . The signature of an attorney or party
> constitutes a certificate by the signer that
> the signer has read the pleading, motion, or
> other paper; that to the best of the signer's
> knowledge, information, and belief formed by
> reasonable inquiry it is well grounded in
> fact and is warranted by existing law or a
> good faith argument for the extension,
> modification, or reversal of existing law[;]
> and that it is not interposed for any
> improper purpose, such as to harass or to
> cause unnecessary delay or needless increase
> in the cost of litigation. . . . If a
> pleading, motion, or other paper is signed in
> violation of this rule, the court, upon
> motion or upon its own initiative, shall
> impose upon the person who signed it, a
> represented party, or both, an appropriate
> sanction . . . .

Fed. R. Civ. P. 11.  The rule thus provides that an attorney who

fails to either 1) read the pleading; 2) make a reasonable

inquiry into the factual and legal legitimacy of the pleading; or

3) file the pleading only for a proper purpose, shall be

sanctioned.  The standard for testing an attorney's conduct is

that of what was objectively reasonable under the circumstances.

Eavenson, Auchmuty & Greenwald v. Holtzman, 775 F.2d 535, 540 (3d Cir. 1985).  To comply with this standard, counsel "must conduct 'a reasonable investigation of the facts and a normally competent level of legal research to support the presentation.'"  Pensiero, 847 F.2d at 94 (citing Lieb v. Topstone Indus., 788 F.2d 151, 157 (3d Cir. 1986)).

We have emphasized that Rule 11 targets abuse, making sanctions appropriate only if "the filing of the complaint constituted abusive litigation or misuse of the court's process."  Teamsters Local Union No. 430 v. Cement Express, Inc., 841 F.2d 66, 68 (3d Cir.), cert. denied sub nom. Herman Bros., Inc. v. Teamsters Local Union No. 430, 109 S.Ct. 128 (1988).  Thus, the mere failure of a complaint to withstand a motion for summary judgment or a motion to dismiss should not be thought to establish a rule violation.  However, once that standard has been met, the language of the rule "seeks to dispel apprehensions that efforts to obtain enforcement will be fruitless by insuring that the rule will be applied . . . ."  Notes of Advisory Committee on Rules, 1983 Amendment, Fed. R. Civ. P. 11.  See also Cooter & Gell, 110 S.Ct. at 2454.

B.

Although the court has both the authority and the duty to assure compliance with the requirements of the rule,[0] we find

---

[0]"Authority [for courts to impose sanctions on their own motion] has been made explicit in order to overcome the traditional reluctance of courts to intervene unless requested by one of the parties.  The detection and punishment of a violation of the signing requirement . . . is part of the court's responsibility

that the court abused its discretion in imposing sanctions on its own initiative more than three months after it had disposed of the underlying case.  In Pensiero, we adopted a supervisory rule to guide the courts and the parties on the appropriate timing for the filing and consideration of Rule 11 motions.  In that case, a motion for sanctions was filed by a defendant who prevailed in a motion for summary judgment.  However, the motion was filed only after the appeal on the merits had been docketed and an affirmance order received from this court.  The district court granted sanctions against the defendants and this court reversed on the ground that there was no rule violation because there was adequate compliance with the pre-filing inquiry requirement.  In addition, however, we adopted a supervisory rule aimed at eliminating piecemeal review:  we held that "counsel seeking Rule 11 sanctions must file their motions before entry of final judgment in district court."  Pensiero, 847 F.2d at 92.  See also Mellon Bank Corp. v. First Union Real Estate, 951 F.2d 1399, 1413 (3d Cir. 1991)(request for sanctions after entry of final judgment untimely); Hilmon Co. v. Hyatt Int'l., 899 F.2d 250, 251 n.1 (3d Cir. 1990)(same).

The logic of Pensiero applies equally to sua sponte consideration of sanctions by the district court.  There we emphasized the undesirability of separate appeals concerning merits and fee questions and noted that,
> [i]n general, the dictates of due process
> should not necessitate prolonged

for securing the system's effective operation." Notes of Advisory Committee on Rules, 1983 Amendment, Fed. R. Civ. P. 11.

12

> consideration in the district court to assess
> Rule 11 sanctions once a violation has been
> established.

Pensiero, 847 F.2d at 99.  There is no inordinate burden in requiring the district court to raise and resolve any Rule 11 issues prior to or concurrent with its resolution of the merits of the case.  Such timing will, furthermore,

> conserve judicial energies.  In the district
> court, resolution of the issue before the
> inevitable delay of the appellate process
> will be more efficient because of current
> familiarity with the matter.  Similarly,
> concurrent consideration of challenges to the
> merits and the imposition of sanctions avoids
> the invariable demand on two separate
> appellate panels to acquaint themselves with
> the underlying facts and the parties'
> respective legal positions.

Id.

In the context of a possible Rule 11 violation, the court and opposing party are in similar positions.  Both know of the rule and its requirements, and both possess similar information about the conduct and the pleadings of counsel.  The Advisory Committee Notes accompanying the rule explain that notice should be given promptly upon the discovery of a rule violation.  There is no reason why prompt action should be required of an opposing party and yet not similarly required of the court.  At the time that the court decided the motions for summary judgment and dismissal, it had before it the identical information that it relied upon three months later in imposing the sanctions.  Nothing was to be gained by delay.  If sanctions had truly been appropriate, the court should have imposed them at

13

that time.[0]  Their imposition three months later was an abuse of discretion.

C.

While the <u>Pensiero</u> violation is sufficient to require reversal in this case, we find it necessary to comment briefly upon another, equally sufficient error.  That is the failure of the district court to comply with the requirements of procedural due process in the course of imposing the sanctions.

Sanctions are not to be assessed without full and fair consideration by the court.  They often entail a fine which may have more than a token effect upon an attorney's resources.  More

---

[0]We note that the precise timing of the sanctions in this case further supports the rationale of <u>Pensiero</u> and casts doubt on the sanctions' underlying validity.  As established, the court had the authority to initiate the imposition of sanctions at the time of summary judgment and dismissal, if it believed that a rule violation had occurred.  In fact, because the disposition on the merits and the decision on sanctions were based on the same, underlying absence of factual and legal support in the complaint, such would have been the logical time to do so.  Yet the court did not do so.

Rather, the court used Rule 11 as a fee-shifting device only after finding, on motion by a party, that the State defendants were entitled to recover fees pursuant to 42 U.S.C. §1988.  Apparently it was because the court did not want the plaintiffs to be personally liable for those fees that it addressed the issue of the Rule 11 liability of counsel.

Interestingly, the State defendants did not themselves request sanctions, though it is a common practice to make such a request when moving for fees under 42 U.S.C. § 1988.  Most likely this was because they filed six weeks after the entry of final judgment and because they knew of the rule of <u>Pensiero</u>. Certainly the court was aware of <u>Pensiero</u>:  before it granted Dr. Burgess' motion for sanctions, it acknowledged that she properly complied with <u>Pensiero</u> by filing her motion two months before the case was dismissed.  Where the court has not, of its own initiative, imposed sanctions when they were properly due, it would be an odd result indeed to permit the court to later accomplish that which a party, because of improper delay, could not request.

14

importantly, they act as a symbolic statement about the quality and integrity of an attorney's work -- a statement which may have tangible effect upon the attorney's career. Thus the Supreme Court, in recognizing the inherent power of a court over the members of its bar, acknowledged that the limits of procedural due process circumscribe the manner in which otherwise proper sanctions may be imposed. It held that sanctions "should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." Roadway Express, Inc. v. Piper, 100 S.Ct. 2455, 2464 (1980). Likewise, this court repeatedly has held in both inherent power and Rule 11 sanctions cases that,

> [i]n the absence of extraordinary circumstances, procedural due process requires notice and an opportunity to be heard before any governmental deprivation of a property interest.

Eash v. Riggins Trucking Inc., 757 F.2d 557, 570 (3d Cir. 1985)(in banc). See also Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1357 (3d Cir. 1990)("Prior to sanctioning an attorney, a court must provide the party to be sanctioned with notice of and some opportunity to respond to the charges."); Notes of Advisory Committee on Rules, 1983 Amendment, Fed. R. Civ. P. 11 ("The procedure obviously must comport with due process requirements.").

The precise form of procedural protection required will, of course, vary with the circumstances of the case. With regard to the notice component, however, we have held that the mere existence of the rule does not satisfy the requirement. Jones, 899 F.2d at 1357; Gagliardi v. McWilliams, 834 F.2d 81,

15

82-83 (3d Cir. 1987).  The party sought to be sanctioned is entitled to particularized notice including, at a minimum, 1) the fact that Rule 11 sanctions are under consideration, 2) the reasons why sanctions are under consideration, and 3) the form of sanctions under consideration.  Id.  Only with this information can a party respond to the court's concerns in an intelligent manner.  Similarly, the precise form of counsel's opportunity to respond will vary with the circumstances and is a decision committed to the discretion of the court.  There may be times when an oral or evidentiary hearing will be necessary to aid in the court's factfinding.  At other times the opportunity for counsel to fully brief the issue will suffice.

At bottom, however, there must be notice and some opportunity to respond.  Here, there was neither.  In Eash, we explained the salutary effects of these procedural protections. 757 F.2d at 571.  They assist the attorney by ensuring an adequate and meaningful opportunity to explain the conduct at issue.  They assist the court by ensuring adequate time for full consideration of the issue in light of the attorney's explanation.  Finally, they provide a record that facilitates review on appeal.  This case merely proves the rule that these procedural protections may have substantive effect upon outcome. Had Mr. Guralnick been able to respond, whether orally or in writing, the court would not have been forced to base its

decision on assumptions about the parties' actions and state of knowledge.[0]

Perhaps most importantly, _sua sponte_ imposition of sanctions cannot serve the intent of Rule 11. The purpose of the rule is to foster accountability and to deter abuse. _Pensiero_, 847 F.2d at 94-95. Yet, "[i]f Rule 11 is effectively to deter abuses in federal civil litigation and not to deter much else in addition, it seems to us that both those who are sanctioned (specific deterrence) and others (general deterrence) must understand what the abuses were and have some sense of how to correct them in the future." American Judicature Society, _Rule 11 in Transition: The Report of the Third Circuit Task Force on Federal Rule of Procedure 11_ 29 (Stephen B. Burbank, rep. 1989). The dialogue that is permitted by notice and an opportunity to respond can only facilitate such understanding.

IV.

Having concluded that the imposition of sanctions in this case was contrary to the supervisory rule adopted by this court in _Pensiero_, as well as the requirements of the Due Process

---

[0]For example, the court based its conclusion that plaintiffs bore no fault in the filing of the lawsuit upon its observation that "It does not appear to the court that plaintiff[s] should have known their action against the State defendants was legally deficient." _Simmerman v. Corino_, No. 92-194, slip op. at 5 (D.N.J. Jan. 25, 1993)(order and opinion denying motion for attorney's fees under 42 U.S.C. § 1988 and imposing sanctions pursuant to Fed. R. Civ. P. 11); App. at 133. Surely some inquiry beyond the face of the complaint -- inquiry into the actual state of plaintiff's knowledge -- would have assisted the court by allowing it to base its conclusions on fact rather than assumption.

Clause of the Fifth Amendment, we will reverse the order of the district court and vacate the award of sanctions to the State defendants.

FULLAM, J., Concurring

Because the practice of issuing prospective rulings in the purported exercise of "supervisory power" is firmly entrenched, I agree that this court's decision in <u>Mary Ann Pensiero, Inc. v. Lingle</u>, 847 F.2d 90 (3rd Cir. 1988), compels reversal of the sanction order involved in this appeal.  I do not agree, however, that <u>Pensiero</u> does more than require that motions for sanctions be filed before final judgment; the <u>Pensiero</u> court did not purport to 'supervise' the timing of the district court's ruling on such motions, except perhaps to the extent of urging that the ruling be made with sufficient speed to enable consolidation of the sanction appeal with the appeal on the merits.  In the present case, there was no motion for sanctions; and the issue was first raised some three months after judgment.  Under any view of the matter, I agree that this was too late.

I join in Part III(C) of the majority opinion.