**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1761
_____

SHARIFF BUTLER; JEREMEY MELVIN,
                                        Appellants

v.

JOHN E. WETZEL, Secretary of the Department of Corrections;
SHIRLEY MOORE SMEAL, Executive Deputy of the Department of Corrections;
MELISSA ROBERTS, Former DOC Policy Coordinator; DIANE KASHMERE, Current
DOC Policy Coordinator; TABB BICKELL, Executive Deputy Secretary for Institutional
Operations; MICHAEL WENEROWICZ, Regional Deputy Secretary;
DORINA VARNER, Chief Grievance Coordinator; KERI MOORE, Assistant Chief
Grievance Coordinator; KEVIN KAUFFMAN, Superintendent at SCI-Huntingdon;
LONNIE OLIVER, Former Deputy Superintendent for Facilities Management at SCI-
Huntingdon; JOHN THOMAS, Former Deputy Superintendent for Centralized Services
at SCI-Huntingdon; BYRON BRUMBAUGH, Current Deputy Superintendent for
Facilities Management at SCI-Huntingdon; WILLIAM S. WALTERS; BRIAN HARRIS,
Captain/Shift Commander at SCI-Huntingdon; MANDY SIPPLE, Former Major of Unit
Management at SCI-Huntington; ANTHONY E. EBERLING, Security Lt. at SCI-
Huntingdon; BRUCE EWELL, Facility Maintenance Manger III at SCI-Huntington;
CONSTANCE GREEN, Superintendent's Assistant/Grievance Coordinator at SCI-
Huntingdon; ROBERT BILGER, Safety Manger at SCI-Huntingdon;
PAULA PRICE, Health Care Coordinator at SCI-Huntington; MICHELLE HARKER,
Nurse Supervisor at SCI-Huntingdon; ANDREA WAKEFIELD, Records Supervisor at
SCI-Huntingdon; GEORGE RALSTON, Unit Manager at SCI-Huntingdon;
ALLEN STRATTON, Unit Counselor at SCI-Huntingdon; JOHN BARR, Correctional
Officer at SCI-Huntingdon; J. REED, Correctional Officer at SCI-Huntingdon;
T. EMIGH, Correctional Officer at SCI-Huntingdon
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:19-cv-02171)
District Judge:  Honorable Matthew W. Brann
_____

(Opinion filed: March 8, 2024)

———————

OPINION[*]

———————

PER CURIAM

Appellants Shariff Butler and Jeremey Melvin, proceeding pro se, appeal from multiple District Court orders.  For the following reasons, we will affirm.

I.

Butler and Melvin, inmates at SCI-Huntingdon, sued 27 defendants, including Department of Corrections administrators and prison employees, pursuant to 42 U.S.C. § 1983.  Dkt. No. 1.  They alleged violations of the First and Eighth Amendments and state law, stating that officials denied them single cells and recreation time, failed to mitigate fire safety risks and ventilation issues, subjected them to overcrowding, understaffing, and vermin infestations, and retaliated against Butler after he filed a grievance.  <u>Id.</u> at 7-26.  They sought declaratory, compensatory, and injunctive relief.  <u>Id.</u> at 43-45.

The District Court sua sponte dismissed 14 defendants without prejudice and Butler's single-cell denial claim with prejudice.  Dkt. No. 18.  Appellants sought to

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

amend their complaint, Dkt. No. 42, but the District Court deemed their motion to amend withdrawn and struck their proposed amended complaint because they failed to follow local rules, Dkt. No. 64. The District Court denied Appellants' motion for an extension of time to comply with those rules and their motions for sanctions and to compel discovery. Dkt. Nos. 77, 86, 88, 89, 102, 108, 113.

Defendants moved for summary judgment, which the District Court granted as to all but Butler's retaliatory cell search claim. Dkt. No. 135. After Butler submitted evidence to support the claim, the District Court granted summary judgment to the defendants. Dkt. Nos. 141 & 160. Appellants filed a Rule 59(e) motion and a timely notice of appeal. Dkt. Nos. 166 & 168. The District Court denied that motion, and Appellants filed an amended notice of appeal. Dkt. Nos. 175 & 182.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We review for abuse of discretion the District Court's discovery rulings, its application of its local rules, and its denials of Rule 59(e) motions, motions for extensions of time, and motions for sanctions. In re Processed Egg Prods. Antitrust Litig., 962 F.3d 719, 729 n.7

3

(3d Cir. 2020) (Rule 59(e)); Weitzner v. Sanofi Pasteur Inc., 909 F.3d 604, 613 (3d Cir. 2018) (local rules); Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010) (extensions of time); DiPaolo v. Moran, 407 F.3d 140, 144 (3d Cir. 2005) (sanctions); Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 778 (3d Cir. 2000) (discovery).

III.

Appellants argue that the District Court erred in ruling that their Eighth Amendment claims regarding recreation time, ventilation, and vermin were time-barred because the wrongs against them were continuing. C.A. Dkt. No. 23 at 25 & 48-51. We disagree. The continuing violation doctrine does not apply when the plaintiff is aware of the injury at the time it occurred. Montanez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 481 (3d Cir. 2014). Appellants became aware of the alleged conditions more than ten years before they filed the complaint, Dkt. No. 96-1 at 54 & 62 (Melvin deposition); Dkt. No. 96-3 at 15 & 27 (Butler deposition), so the statute of limitations began to run at that time and had expired long before they filed their complaint.[1] Accordingly, the District Court correctly concluded that the claims were time-barred.[2]

---

[1] Appellants neither argue nor does the record reflect that they are entitled to equitable tolling on the claims.

[2] Despite Appellants' arguments otherwise, C.A. Dkt. No. 23 at 70-73, Butler's Eighth Amendment claim regarding the denial of his request for a single cell was also correctly dismissed as time-barred. That request was denied on August 28, 2017, Dkt. No. 10 at 12, and Butler filed a grievance about it 23 days later, on September 20, 2017, Dkt. No. 1 at 18. The filing of the grievance tolled the two-year statute of limitations period until December 19, 2017, when it was denied. Wisniewski v. Fisher, 857 F.3d 152, 157-58 (3d Cir. 2017). Accordingly, Butler had 697 days remaining in the limitations period, or until November 18, 2019, to file a complaint. He did not do so until December 15, 2019, so the District Court properly concluded that the claim was untimely.

Appellants also argue that the District Court erred in concluding that Melvin did not have standing to bring an Eighth Amendment claim regarding his desire to be housed in a single cell. C.A. Dkt. No. 23 at 51-54. To establish Article III standing, a plaintiff must demonstrate, inter alia, an injury-in-fact, which must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014) (internal quotations and citation omitted). Here, Melvin failed to demonstrate an injury-in-fact: although he asserted that he had a "right not to be double-celled," it was undisputed that, at the time Appellants filed the complaint and throughout litigation, Melvin was housed in a single cell. Dkt. No. 1 at 36; Dkt. No. 96-1 at 10-13. To the extent Melvin characterizes his claim as premised on his desire for a *permanent* placement in a single cell, C.A. Dkt. No. 23 at 52-54, there is neither a constitutional right to temporary or permanent placement in a single cell nor has Melvin demonstrated that the conditions of his confinement violate the Eighth Amendment, as discussed below. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

Appellants also challenge the District Court's grant of summary judgment to defendants on their Eighth Amendment claims that the fire safety risks, overcrowding, and understaffing in the prison constitute cruel and unusual punishment. C.A. Dkt. No. 23 at 54-62. To state an Eighth Amendment claim, a plaintiff must first allege that he was incarcerated under conditions imposing a substantial risk of serious harm. See Porter v. Pa. Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020). As the District Court explained, beyond conclusory allegations and anecdotes, Appellants offered no evidence to show

5

that SCI-Huntingdon's fire protocols, population, or staffing created a substantial risk of serious harm. Dkt. No. 134 at 15-22; cf. Tillery v. Owens, 907 F.2d 418, 423-24 (3d Cir. 1990) (where extensive expert testimony included that "the poor level of fire protection made it likely that numerous inmates would die if a serious fire broke out"). Appellants' assertions are insufficient to create a genuine issue of material fact as to whether defendants violated the Eighth Amendment, so judgment in favor of the defendants on those claims was proper. See Nitkin v. Main Line Health, 67 F.4th 565, 571 (3d Cir. 2023) (explaining that a plaintiff "must point to concrete evidence in the record that supports each . . . essential element of his case" to withstand a motion for summary judgment) (quotations omitted).

Appellants also argue that the District Court erred in granting summary judgment to defendants on their First Amendment retaliation claims. C.A. Dkt. No. 23 at 62-68. To prevail on that claim, Appellants must prove that "(1) they engaged in constitutionally protected conduct, (2) defendants engaged in retaliatory action sufficient to deter a person of ordinary firmness from exercising their constitutional rights, and (3) a causal link [existed] between the constitutionally protected conduct and the retaliatory action." Palardy v. Township of Millburn, 906 F.3d 76, 80-81 (3d Cir. 2018). First, as to Butler's allegations that two defendants searched his cell in retaliation for his filing a grievance, the District Court correctly concluded that Butler provided no evidence that the two defendants were aware of that grievance, so he failed to prove a causal link.[3] See Daniels

---

[3] The District Court also correctly granted summary judgment to defendant Kauffman on Butler's free-standing retaliation claim against him. Dkt. No. 159 at 9. Appellants

6

v. School Dist. of Philadelphia, 776 F.3d 181, 196 (3d Cir. 2015). Second, as to Butler's allegations that defendants retaliatorily forged a grievance withdrawal form, Butler failed to prove that this action deterred him from exercising his constitutional rights. As the District Court explained, regardless of the veracity of Butler's forging allegations, it is undisputed that the grievance was reinstated, and Butler pursued it to the final stage of administrative review. Dkt. No. 10-3 at 21-24; Dkt. No. 95 at 6; Dkt. No. 123 at 10-11. Accordingly, defendants were entitled to judgment as a matter of law on Appellants' First Amendment retaliation claims.[4]

Finally, Appellants argue that the District Court abused its discretion by striking their proposed amended complaint for failure to follow M.D. Pa., L.R. 7.5, and by denying their request for an extension of time to comply with that rule. C.A. Dkt. No. 23 at 73-75. Despite proceeding pro se, Appellants were required to follow the same rules

---

alleged that Kauffman denied Butler's grievance about the search after "(allegedly) reviewing camera footage of the event." Dkt. No. 1 at 42. Beyond general assertions, Appellants provided no evidence that the denial was a retaliatory action. Cf. Brightwell v. Lehman, 637 F.3d 187, 194 (3d Cir. 2011) (charging prisoner with misconduct report that was later dismissed for filing a false grievance does not rise to the level of "adverse action" for purposes of retaliation claim). To the extent Appellants attempted to bring a conspiracy claim against Kauffman, Dkt. No. 169 at 7-9; C.A. Dkt. No. 23 at 66-67, because defendants were entitled to judgment as a matter of law on the underlying First Amendment retaliation claim, the conspiracy claim fails. See In re Orthopedic Bone Screw Prods. Liab. Litig., 193 F.3d 781, 789 (3d Cir. 1999).

[4] Appellants also contend that the District Court erred in granting summary judgment to defendants on their breach of contract claim. C.A. Dkt. No. 23 at 68-70. But, as the District Court explained, Appellants neither provided evidence that they were parties to any contract at issue nor argued that they were entitled to enforce that contract under another legal theory. Dkt. No. 134 at 27-28.

as other litigants, see Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245-46 (3d Cir. 2013), including M.D. Pa., L.R. 7.5, which requires a movant to file a brief in support of a motion within 14 days of the motion's filing. Defendants identified M.D. Pa., L.R. 7.5 in their opposition to Appellants' motion to amend, Dkt. No. 47, but Appellants did not request an extension to comply with that rule until two months later, Dkt. No. 73. In the interim, Appellants filed 12 other documents, including motions, exhibits, and briefs. Despite Appellants' contentions that COVID-19 restrictions limited their access to SCI-Huntingdon's law library, id., the District Court concluded that Appellants failed to establish that they acted with due diligence in pursuing the extension, Dkt. No. 82 at 3. Under these circumstances, we discern no abuse of discretion in the District Court's rulings.[5]

---

[5] Even if the District Court abused its discretion in striking Appellants' proposed amended complaint, Appellants were not harmed by that ruling because the amened complaint failed to address the issues identified in the District Court's without prejudice dismissal. See Dkt. Nos. 18 & 42. Appellants also challenge the District Court's denials of their three motions for sanctions, C.A. Dkt. No. 23 at 29-37 & 43-46; see Dkt. Nos. 77, 89, 92, 102, 108, 113, but we discern no abuse of discretion in those denials, see Simmerman v. Corino, 27 F.3d 58, 62 (3d Cir. 1994) (explaining that a district court abuses its discretion if it "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence" (citation omitted)). Appellants also failed to demonstrate that the District Court abused its discretion in denying their motions to compel. C.A. Dkt. No. 23 at 40-43; see Dkt. Nos. 86, 88, 102. As the District Court explained, the information Appellants sought was irrelevant, and it was undisputed that the defendant from whom they sought specific documents did not have them in his possession. Dkt. No. 102 at 3-4. To the extent they argue otherwise, we also discern no abuse of discretion in the District Court's denial of Appellants' Rule 59(e) motion. See In re Processed Eggs Prods. Antitrust Litig., 962 F.3d at 729.

Accordingly, we will affirm the judgment of the District Court.[6]

---

[6] Appellant's motion to exceed the page limitation for their argument in support of the appeal is granted, and their motion to correct the record is denied as moot. C.A. Dkt. Nos. 21 & 33.