**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2589
_____

MARSHELLE HIGHTOWER,

v.

INGERMAN MANAGEMENT COMPANY;
BRAD INGERMAN

**\***Gary P. Lightman,
Appellant

**\***(Pursuant to Rule 12(a), Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 1-17-cv-08025)
District Judge:  Honorable Christine P. O'Hearn
_____

Submitted under Third Circuit L.A.R. 34.1(a)
on November 1, 2023

Before: JORDAN, ROTH and AMBRO, <u>Circuit Judges</u>

(Opinion filed: May 31, 2024)
_____

OPINION\*
_____

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, Circuit Judge

Marshelle Hightower sued her former employer for discrimination and retaliation. In the course of the litigation, the District Court sanctioned her former employer's counsel, Gary Lightman, in connection with his service of an invalid subpoena.[1] Lightman appealed the imposition of sanctions. For the reasons that follow, we will affirm.

## I.    Background[2]

In 2017, Hightower sued her former employer, Ingerman Management Company and Brad Ingerman (Ingerman), in the District of New Jersey. Hightower alleged she was discriminated against on the basis of race and sex and retaliated against after complaining about the same. On May 20, 2022, less than two weeks before trial, Ingerman's counsel, Gary Lightman, served a trial subpoena on Kim Johnson, a third-party witness and former Ingerman employee. At the time, Johnson resided in Indian Head, Maryland, more than 100 miles away from the district court in New Jersey where the trial was located.[3]

The next day, Hightower's counsel emailed Lightman to inform him that the trial subpoena was invalid because Johnson resided outside of New Jersey and more than 100 miles from the court.[4] Hightower's counsel also admonished Lightman for misrepresenting to Johnson that she was obligated to appear at the trial. She demanded that Lightman withdraw the subpoena. Lightman refused, warned Hightower's counsel not

---

[1] After trial, Ingerman substituted counsel.
[2] We write for the benefit of the parties and therefore recite only the essential facts.
[3] Johnson was deposed previously in Alexandria, Virginia, at which time she made clear that she did not want to be involved in the litigation.
[4] See Fed. R. Civ. P. 45(c)(1)(A).

to contact Johnson, and told Hightower's counsel that any attempt to communicate with Johnson would constitute "interfere[ing] or tamper[ing] with a material defense witness."[5]

After Hightower's counsel contacted him, Lightman emailed Johnson and conceded that because she lived more than 100 miles from the court, "the Subpoena cannot command you to appear at trial."[6] Several hours later, Lightman emailed Johnson again, this time asserting that "technically the Subpoena cannot command you to honor it and testify, unless the Judge Orders it, based on our showing of a substantial need for your testimony."[7] In the same email, he claimed, "[w]e substantially need your testimony, for a number of reasons," and told Johnson that he would seek a court order for her testimony.[8] Johnson responded that she had been advised that she was not required to testify.

On May 23, 2022, Hightower moved to quash the subpoena and for sanctions against Lightman. The next day, Lightman moved to compel Johnson's testimony and for sanctions against Hightower and her counsel.[9] In his motion, Lightman requested that the court order Johnson to testify at trial, either in person or remotely from the district court in Alexandria, Virginia. Lightman also asked the court to consider referring Hightower's counsel "for further investigation regarding potential violations of 42 U.S.C. § 1985."[10]

On May 26, 2022, the District Court denied Lightman's motion to compel and for sanctions, granted Hightower's motion to quash, and ordered Lightman to show cause why

---

[5] JA 108.
[6] JA 109.
[7] JA 109.
[8] JA 109.
[9] Lightman did not file a separate opposition to Hightower's motion to quash.
[10] JA 144.

3

he should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure. On June 21, 2022, the court issued an order imposing sanctions, pending an opportunity for Lightman to object. Lightman objected and moved for reconsideration. On July 27, 2022, the District Court denied his motion for reconsideration and imposed sanctions in the amount of $6,720.00. Lightman appealed.

## II.     Jurisdiction

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction to review the District Court's order under 28 U.S.C. § 1291.[11]

## III.     Standard of Review

We review the imposition of Rule 11 sanctions for abuse of discretion.[12] Deference to the District Court is particularly important in this context because the District Court is "'[f]amiliar with the issues and litigants' and 'is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule

---

[11] Although Hightower disputes our jurisdiction, her arguments are unavailing. First, she argues that Lightman's appeals of the May 26 and June 21 orders are untimely. However, both orders deferred entry of the sanctions and thus were not final and appealable until the July 27 order, which Lightman timely appealed. *See Lazorko v. Pennsylvania Hosp.*, 237 F.3d 242, 248 (3d Cir. 2000). Second, Hightower argues that the order imposing sanctions was not a final judgment under 28 U.S.C. § 1291. But the court entered judgment on all claims on June 13, 2022, and thus issued a final judgment on the merits over a month before Lightman appealed. It does not matter that the court had not yet settled the question of attorneys' fees, because "pendency of a ruling on an award for fees and costs does not prevent … the merits judgment from becoming final for purposes of appeal." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Intern. Union of Operating Eng'rs and Participating Emps.*, 571 U.S. 177, 179 (2014).
[12] *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 195 (3d Cir. 1988).

11.'"[13]  We will not disturb the court's decision unless it is "contrary to reason or without a reasonable basis in law or fact"[14] or the court failed to provide the sanctioned party with notice and an opportunity to respond.[15]

## IV.  Discussion

Rule 11 authorizes the district courts to sanction counsel for submitting a filing that is "not well grounded in fact nor warranted by existing caselaw or a good faith argument for the extension, modification, or reversal of existing case law, or which is interposed for any improper purpose."[16]  We ask if the conduct giving rise to the sanctions was reasonable under the circumstances.[17]

The District Court held that Lightman had no legal or factual basis to (1) serve, and refuse to withdraw, a subpoena on an out-of-state witness who resided more than 100 miles from the court; (2) seek an order compelling her to appear at trial; or (3) request sanctions against Hightower's counsel and refer her for investigation for violating civil rights laws.[18]  Lightman argues that the District Court erred for three reasons.  None has merit.

---

[13] *Scott v. Vantage Corp.*, 64 F.4th 462, 471 (3d Cir. 2023) (alteration in original) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 402 (1990)).
[14] *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994).
[15] *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1357 (3d Cir. 1990).
[16] *Landon v. Hunt*, 938 F.2d 450, 452 (3d Cir. 1991) (cleaned up); Fed. R. Civ. P. 11(c).
[17] *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir .1988).  We also consider the *Doering* factors to determine if the amount of a sanction award is warranted.  *See Doering*, 857 F.2d at 195–96.  Lightman does not challenge the application of these factors on appeal, so the issue is forfeited.
[18] While we focus on the filings that directly gave rise to the sanctions, the District Court "specifically admonished [Lightman] for filing submissions . . . which were factually and legally incorrect" the day before Lightman served Johnson with the subpoena. JA 34.  The court also noted that "Lightman's pattern of vexatiousness has been observed by every Judge to have touched this case." JA 22 n.3.

First, Lightman maintains that he never suggested to Johnson that she must appear and testify at trial. Instead, he argues that he sought to compel Johnson to "appear and give testimony from the nearest federal courthouse where she resided."[19] However, the subpoena plainly demanded that Johnson appear at the federal district court in Camden, New Jersey. In fact, Lightman did not raise the possibility of Johnson's remote testimony to the District Court until he moved to compel her compliance with the subpoena. Thus, the court did not err in finding that Lightman "expressly and/or implicitly indicat[ed] to her that she was obligated to comply with that subpoena."[20]

Second, Lightman argues the law is unsettled as to whether Federal Rule of Civil Procedure 43(a) allows courts to compel remote testimony from a witness who lives outside of the 100-mile radius set by Rule 45(c)(1). Because certain federal courts have construed Rule 43(a) to permit this sort of end-run around Rule 45(c), Lightman argues his motion to compel Johnson's testimony was not "frivolous" in the sense required to impose Rule 11 sanctions.[21]

However, Lightman was not sanctioned for advancing an incorrect legal argument but for failing to exercise proper diligence before doing so. Indeed, Lightman admitted he served the subpoena *before* he "finished [his] legal research" as to whether it would be valid or whether the court could compel Johnson to testify.[22] Rule 11 does not punish

---

[19] Reply Br. 1, 6.
[20] JA 26.
[21] We need not address the merits of Lightman's argument regarding Rule 43.
[22] JA 109; *see also* JA 31 n.1.

good-faith efforts to advance the law, but it "imposes on counsel a duty to look before leaping."[23] Lightman failed to uphold that duty.[24]

Moreover, the District Court did not err in holding that Lightman advanced several baseless claims in connection with his motion to compel. Nor did Lightman offer any facts or legal authority to support his requests for sanctions, a missing witness inference, and for the court to refer Hightower's counsel for investigation for civil rights violations.

Third, Lightman argues that the District Court erred by not giving him sufficient opportunity to object to the sanctions.[25] However, as required, the court first identified the offending conduct and gave Lightman an opportunity to show cause why he should not be sanctioned.[26] When Lightman failed to persuade the District Court that the sanctions were unwarranted, it gave him another opportunity to object. Thus, the court provided Lightman with proper notice and an opportunity to be heard.

---

[23] *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986).

[24] Even if we assume that Lightman made a well-informed effort to advance the law related to Rule 43(a), his argument suffers from several deficiencies. First, the subpoena purported to require Johnson to appear in person at trial, and Lightman never withdrew or altered that subpoena. Second, remote testimony is permitted under Rule 43(a) for "good cause in compelling circumstances," and is ultimately left to the discretion of the court. Fed. R. Civ. P. 43(a). The District Court had already advised Lightman that it would not permit another witness to testify remotely, and Lightman offered no basis for Johnson to testify remotely apart from it being more convenient.

[25] Lightman also raises the related argument that the District Court imposed the sanctions in violation of Rule 11(c)(2), which provides parties with a 21-day safe harbor period to withdraw sanctionable filings. Although Hightower requested that the District Court impose sanctions under 28 U.S.C. § 1927 or its inherent power, the court ultimately imposed the sanctions on its own initiative under Rule 11(c)(3). As a result, Rule 11(c)(2)'s safe-harbor period is inapplicable. Fed. R. Civ. P. 11 Advisory Committee Note to 1993 Amendment.

[26] *See* Fed. R. Civ. P. 11(c)(3), (6).

Because the District Court did not abuse its discretion in determining that Lightman's conduct was sanctionable, we will affirm the order of the District Court sanctioning him.